Argued March 12, reversed June 24, 1959

# WEBB *v.* STATE OF OREGON

340 P. 2d 968

*Sam F. Speerstra,* Salem, argued the cause for appellant. On the brief were Rhoten, Rhoten & Speerstra, Salem.

*H. J. Belton Hamilton,* Assistant Attorney General, Portland, argued the cause for respondent. With him

on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and LUSK, WARNER, PERRY, SLOAN, O'CONNELL and MILLARD, Justices.

## LUSK, J.

This case involves the construction of a statute enacted in 1955 regulating the erecting and maintaining of advertising signs within view of the public highways of this state. Oregon Laws 1955, ch 541, ORS 377.110 to 377.280. The pertinent sections of ORS are set forth in the margin.[1]

[1] 377.110. "The Legislative Assembly hereby finds and declares that in order to provide for the safe and efficient use, and the orderly appearance, of the public highways, it is necessary and is in the public interest to regulate the erection and maintenance of advertising structures and signs within view of the public highways."

377.120 (6). " 'Highway' means the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular traffic, except a throughway."

377.120 (8). " 'Throughway' means any highway adopted, located, relocated, established, constructed or designated as, or converted into, a throughway by the State Highway Commission under the provisions of ORS 374.005 to 374.095."

377.130. "Except as otherwise provided by ORS 377.140, no advertising sign or advertising structure shall be placed, erected or maintained upon property within view of any highway or throughway:
". * * * *
"(7) Within one-half mile, upon the same side of the highway or throughway, of any other advertising sign or advertising structure which advertises the goods, products, facilities, services or business of the same commercial enterprise."

377.140. Enumerates signs to which the Act is not intended to apply.

377.150. "Except as otherwise provided by ORS 377.140 or 377.170, no advertising sign or advertising structure shall be placed, erected or maintained upon property within view of any highway:
"(1) Within 300 feet of any other advertising sign or advertising structure on the same side of the highway, if the total combined advertising area of both such signs or structures is 130 square feet or less; or
"(2) Within 500 feet of any other advertising sign or advertising structure on the same side of the highway, if the total combined advertising area of both such signs or structures exceeds 130 square feet."

377.160. "Except as otherwise provided by ORS 377.140 or 377.170:
"(1) No advertising sign or advertising structure shall be placed, erected or maintained upon property within view of any throughway within 1,000 feet of any other advertising sign or advertising structure upon the same side of the throughway.

The complaint seeks a declaratory decree and an injunction restraining the Commissioner of the Bureau of Labor, who is charged with administration of the Act, from removing certain advertising signs which the plaintiff maintains along U. S. Highway 30 in Gilliam County, Oregon, for the purpose of advertising his zoo business at Blalock. The circuit court entered a decree dismissing the suit and plaintiff has appealed. On April 24, 1957, this court, on motion of the plaintiff, the defendant not objecting, entered an order restraining the defendant from interfering with plaintiff's signs pending the appeal.

"(2) No advertising sign or advertising structure exceeding a total length of 60 feet shall be placed, erected or maintained upon property within view of any throughway."

377.200. "Except for those advertising signs or advertising structures described in ORS 377.240 and except as otherwise provided by ORS 377.140, no advertising sign or advertising structure shall be constructed, erected, operated, used or maintained unless an annual permit therefor has been issued. Any person interested may apply for such permit to the commissioner on forms furnished by him. Such applications shall include a precise description of the location of the sign or structure, a statement that the sign or structure complies in all respects with the provisions of ORS 377.110 to 377.280, and such other information as the commissioner deems necessary or desirable. * * *"

377.210 (2). "The commissioner shall issue a permit for the sign or structure covered by application duly made, unless the sign or structure is in violation of ORS 377.110 to 377.280."

377.240. "Any advertising structure or advertising sign not covered by a current permit as required by ORS 377.200, or which is owned, operated, leased or maintained by a person engaged in the business of outdoor advertising without a license, contrary to ORS 377.180, hereby is declared to be a public and private nuisance and, except as otherwise provided in this section, may be removed forthwith by the commissioner. The commissioner, for that purpose, may recover from the owner thereof the cost of removal, the recovery to be not less than $25, and may enter upon private property without incurring any liability therefor. As a prerequisite to such removal and recovery, if any outdoor advertising structure or sign bears thereon the name and address of the owner thereof, the owner must be given written notice to remove the structure or sign within 30 days after the receipt thereof, after which the commissioner may remove same as aforesaid."

377.250. "(1) Any advertising sign or advertising structure lawfully erected prior to August 3, 1955, and not conforming with the provisions of ORS 377.150 and 377.160 shall be removed by the owner thereof within five years after August 3, 1955.

"(2) No advertising sign or advertising structure at a location prohibited by ORS 377.110 to 377.280 shall be replaced or reconstructed after August 3, 1955.

"(3) No lease of real property used or intended solely for the placing, erecting or maintaining of an advertising sign or advertising structure at a location prohibited by ORS 377.110 to 377.280 shall be renewed after August 3, 1955."

The case was submitted in the circuit court on the following stipulation:

## "I.

"Prior to August, 1955, plaintiff erected, maintained and continues to maintain 150 advertising signs upon the same side of the highway upon property within view of said highway, (said signs being of the value of $2,000.00, as of January 1, 1956), to-wit; Highway 30 near Blalock, Gilliam County, Oregon, all of which, except seven, are placed within one-half mile of each other, which advertises [sic] the goods, products, services and business of the same commercial enterprise, to-wit, plaintiff's zoo at Blalock, Oregon.

## "II.

"That plaintiff erected said advertising signs pursuant to three written leases entered into by plaintiff taking effect prior to August 3, 1955, and expiring October 1, 1960 for which the plaintiff pays and has agreed to pay an annual rental of $275.00.

## "III.

"That pursuant to ORS Chapter 377 plaintiff made timely application for permits for the calendar year of 1956, for such signs and tendered his check in the sum of $75.00 in payment thereof; and that defendant refused to issue permits for more than seven of said signs, returned plaintiff's check and issued to plaintiff a timely notification that defendant considered all but seven of plaintiff's said signs to be in violation of ORS 377.130 and that all said signs except seven must be removed or destroyed.

## "IV.

"If called as a witness the plaintiff would testify that he considers all of such signs are necessary to the proper advertising and conduct of his said business.

"V.

"The defendant state contends that the signs are improperly spaced as being within one-half mile of each other in violation of ORS 377.130 (7) and it is agreed that the signs are not immoral, indecent, that they are erected upon private property, and, by nature of their construction are not likely to fall upon the traveling public.

"IT IS FURTHER STIPULATED AND AGREED between the parties hereto by and through their respective attorneys that the only issues to be determined by the Court in this case are:

"I.

"Does subsection seven (7) of ORS 377.130, or any other provision of the law, require or authorize the Commissioner of the Bureau of Labor to require that plaintiff's said signs be removed or destroyed prior to 1960, to-wit: January, 1956?

"II.

"If such provision of the law requires or authorizes the Commissioner of the Bureau of Labor to require the removal or destruction of said signs aforesaid, is such law or provision thereof unconstitutional as violative of the 14th Amendment to the U. S. Constitution, or Section 18 of Article I of the Oregon State Constitution?"

As is apparent from a reading of the stipulation, the power of the state to regulate the erection and maintenance of advertising signs on property bordering the highways is not challenged by the plaintiff. The issues are: (1) whether a provision of the statute, ORS 377.250 (1), which in effect permits existing signs other than those of the plaintiff to remain undisturbed for a period of five years after August 3, 1955, the effective date of the Act, notwithstanding they do not conform to specific requirements of the

Act, applies as well to plaintiff's signs; and (2) if that question is answered in the negative and the plaintiff's signs are made subject to immediate removal, whether a violation of the constitutional rights of the plaintiff results.

■ The stipulation shows that plaintiff's signs were erected prior to August 3, 1955. There are 150 of them, and all except seven are placed within one-half mile of each other. They therefore fall within the prohibition of ORS 377.130 (7), which relates to signs which advertise the goods, products, services or business of the same commercial enterprise. A sign of that description shall not be placed, erected or maintained on property within view of any highway or throughway upon the same side of the highway or throughway within one-half mile of any other such sign. The provision of ORS 377.250 (1) that any sign lawfully erected prior to August 3, 1955, and not conforming with the provisions of ORS 377.150 and 377.160, shall be removed by the owner thereof within five years after August 3, 1955, clearly does not apply to plaintiff's signs. ORS 377.150 prohibits signs within 300 feet or 500 feet of another sign on the same side of the highway depending on the size of the signs, and ORS 377.160 prohibits signs within 1,000 feet of another sign upon the same side of a throughway, and signs exceeding a total length of 60 feet within view of a throughway. These are the only types of prohibited signs to which the grace period in terms applies.

On the other hand, there are express provisions of the statute which make plaintiff's signs subject to immediate removal.

ORS 377.200 requires that no advertising sign shall

be constructed, erected, operated, used or maintained unless an annual permit has been issued for it. Applications for such a permit must include a statement that the sign complies in all respects with the Act. It is provided that the commissioner shall issue a permit for a sign covered by the application, unless the sign is in violation of the Act. ORS 377.210. Any sign not covered by a current permit is declared to be a public and private nuisance, and may be removed forthwith by the commissioner unless the sign bears the name and address of the owner thereof, in which case the commissioner may remove it on thirty days' notice to the owner. ORS 377.240.

In view of these provisions, no permit for the plaintiff's signs could lawfully be issued, and hence they are subject to removal under ORS 377.240. This would be true, also, of existing signs in violation of ORS 377.150 and 377.160, were it not for the five-year period of grace expressly granted for such signs by ORS 377.250 (1), which, we think, is to be regarded as creating an exception in favor of certain signs from the provisions authorizing immediate removal.

It is contended by the plaintiff that his signs are entitled to the five-year grace period because they violate not only ORS 377.130 (7) but also 377.150 and 377.160. It is arguable that even though this were so, still the intent of the statute was to provide for the immediate removal of any sign which is maintained in violation of ORS 377.130 (7), regardless of the fact that other sections may also be violated. But putting that to one side, there is no evidence to support the suggestion. The stipulated facts are that all plaintiff's signs except seven are "within one-half mile of each other." There is no evidence as to the size of the

signs or that they are less than 500 feet apart, and therefore no evidence that they violate any provision of the statute save ORS 377.130 (7).

Subsections (2) and (3) of ORS 377.250 present a difficult problem of construction. The former provides that no sign prohibited by "ORS 377.110 to 377.280," i.e., by the Act, shall be replaced or reconstructed after August 3, 1955, and the latter that no lease of real property intended solely for the placing, erecting and maintaining of a sign at a location prohibited by the Act shall be renewed after that date. We agree with the view of counsel for the plaintiff that under subsection (2), if existing signs "become obsolete, wear out, or fall down, they must not be replaced or reconstructed." Similarly, a lease of land solely for sign purposes which expires may not be renewed. And the period of grace may be shortened by the happening of either of these events.

■ Because these provisions are expressed in terms broad enough to apply to signs which violate ORS 377.130 (7), it is suggested that the grace period must have been intended to extend to such signs, even though ORS 377.130 (7) is not mentioned in subsection (1) of ORS 377.250. But the latter is a perfectly clear and intelligible provision. Subsections (2) and (3), it is true, introduce an ambiguity into the section. But a court which should undertake to correct the ambiguity would have no adequate guide for determining whether to broaden the first subsection so as to include existing signs which violate provisions other than those therein mentioned, or to narrow the second and third subsections so as to make them conform to the first. In either case, this would be judicial legislation, and not an exercise of the power of the court to supply

words inadvertently omitted or to alter the language of a statute—a power always cautiously exercised and never unless it can be clearly seen that it is necessary in order to effectuate the legislative intent. See Black on Interpretation of Laws, § 58; Crawford, Statutory Construction, § 169; 2 Horack's Sutherland, Statutory Construction (3d ed), § 4924.

From this view of the meaning of the Act, it follows that the plaintiff, whose signs fail to conform to one provision of the Act, is denied the same period of grace for maintaining them in place which is granted to others whose signs fail to conform to other provisions of the Act. We are thus brought to the second question, namely, is the statute as thus construed violative of plaintiff's constitutional rights?

To us, there appears to be a clear case of unlawful *discrimination* against the plaintiff. The legislature, of course, may classify, but classification must be reasonable. "There must be some difference between the classes which bears a just and proper relation to the purposes of the law and to the classifications." *Sterrett & Oberle Packing Co. v. Portland,* 79 Or 260, 271-272, 154 P 410. Otherwise, the statute offends against constitutional guarantees of equal protection of the laws. The purpose of the Act, as stated in ORS 377.110, is: "* * * to provide for the safe and efficient use, and the orderly appearance, of the * * * highways," by regulating the use of advertising signs on property in view of the highways. A more stringent regulation for spacing signs which advertise the same business or products than for the signs of different advertisers was prescribed, and this may have been justified by a purpose to prevent the single advertiser from monopolizing too much of the available space.

But when the legislature decided to grant a period of grace in favor of existing signs, it was bound to treat all alike, unless there was some reasonable basis for granting it to some and withholding it from others. No such basis has been suggested in argument, and none occurs to us. All signs which do not conform to the provisions of the Act are declared to be a nuisance. If this can be accomplished by legislative fiat, all are equally a nuisance, unless it be that signs which constitute a danger to motorists are a greater nuisance than others. But the classification here has nothing to do with the safety factor. That is attempted to be taken care of by ORS 377.130 (3), in which the location and manner of erecting and maintaining signs are specifically prescribed so as to avoid obscuring the view of drivers of vehicles. And it is stipulated that plaintiff's signs "are not immoral, indecent, that they are erected upon private property, and, by nature of their construction are not likely to fall upon the traveling public." So far as we are advised, there is nothing in the nature of signs used to advertise the business or products of a single commercial enterprise which the legislature could have considered more likely to interfere with "the safe and efficient use, and orderly appearance of the highways" than signs erected and maintained by different advertisers. There is no point of differentiation which makes immediate removal of the signs of one class expedient, desirable or necessary, but not signs of the other. It follows that the classification can not be sustained and the statute, insofar as it ordains immediate removal of plaintiff's signs while permitting those which do not conform to different provisions of the statute to remain for five years, contravenes the equal protection clause of the Fourteenth Amendment of the Constitution of the

United States and is void. As the provisions held void are separable from the remainder of the statute, the constitutional validity of the latter is not affected by this decision.

So that there may be no mistake about the matter, we repeat that the larger questions of the existence or the extent of the power of the legislature to regulate the use of private property bordering the highways of the state for advertising signs is not involved and nothing said herein is to be taken as an expression or intimation of an opinion of this court upon these questions.

The decree of the circuit court is reversed, and a declaratory decree will be entered here in conformity with this opinion and enjoining the defendant from removing the plaintiff's signs. No costs or disbursements will be allowed.